IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENSON AKINTUNJI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-389 |
| § | |
| § | |
| CHASE HOME FINANCE, L.L.C., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

**I.    Background**

This is a mortgage-modification case. Benson Akintunji sued his bank, Chase Home Finance, L.L.C., on January 4, 2011 in state court, seeking to enjoin a foreclosure on his Sugar Land, Texas home on the same day. (Docket Entry No. 1, Ex. A-3). The petition alleges that Akintunji purchased his home in late 2004, financing the purchase with a loan from Long Beach Mortgage Company and Windstream Mortgage. (*Id.*, ¶ 1). At some point, Chase became the mortgage servicer. (*Id.*, ¶ 3). In 2008, Akintunji experienced difficulty paying his mortgage. Akintunji sought modification from Chase, which refused because he was current on his payments. (*Id.*, ¶¶ 5–6). After Akintunji fell behind on the loan, Chase referred Akintunji to the Home Affordable Mortgage Program ("HAMP"). Akintunji alleges that Chase engaged in unspecified "dilatory and repetitive tactics" that frustrated his compliance with HAMP. (*Id.*, ¶ 7). In November 2010, Akintunji requested that Chase send him information about his delinquent payments. (*Id.*, ¶ 8). Akintunji disagreed with the account history Chase sent him and exchanged further correspondence seeking a loan modification. (*Id.*, ¶ 9). Chase scheduled a foreclosure sale for January 4, 2011.

Akintunji sued Chase in state court, contending that Chase's foreclosure action was premature. The petition asserts breach of contract and violations of the Texas Debt Collection Practices Act ("TDCPA"), TEX. FIN. CODE § 392.001, *et seq.*; the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; and the notice requirements set out in TEX. PROP. CODE § 51.002. Chase timely removed and filed a motion to dismiss. (Docket Entry Nos. 1, 4). Akintunji did not respond.

Based on the record, the motion, and the applicable law, this court grants the motion to dismiss. Akintunji must file an amended complaint no later than August 1, 2011.

**II.    Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* rejected the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned,

2

the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

**III.   Analysis**

    **A.   The RESPA Claim**

Akintunji alleges that Chase has violated portions of RESPA § 2605 by failing to respond to a qualified written request and failing to notify Akintunji when the loan was transferred from Long Beach Mortgage Company and Windstream Mortgage to Chase. (Docket Entry No. 1, Ex. A-3, ¶¶ 8, 15).

Section 2605 (e) of RESPA requires a loan servicer to provide a written response to a borrower's qualified written request. 12 U.S.C. § 2605(e). This section of RESPA is intended to provide borrowers with greater access to account information. *Id.* § 2601(a). The request must be: 1) a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer; 2) that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and 3) that includes a statement of the reasons for the borrower's belief, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. *Id.* § 2605(e)(1)(B). The qualified written request must be related to the servicing of the loan. *Id.* § 2605(e)(1)(A). "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest . . . ." *Id.* § 2605(i)(3).

Section 2605 also requires that the borrower be notified when a loan is transferred from one servicer to another. 12 U.S.C. §2605(c). A plaintiff must allege actual damages resulting from a violation of § 2605. *Id.* § 2605(f)(1)(A) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: in the case of any action by an individual, an amount equal to the sum of . . . any actual damages to the borrower

as a result of the failure."); *Collier v. Wells Fargo Home Mortg.*, No. 7:04–CV–086–K, 2006 WL 1464170, at *3 (N.D. Tex. May 26, 2006); *Hepler v. Washington Mut. Bank, F.A.*, No. CV 07–4804 CAS (Ex.), 2009 WL 1045470, at *4–5 (C.D. Cal. Apr. 17, 2009).

Akintunji has not alleged damages under either theory. In addition, although Akintunji's petition alleges that he made a "qualified written request," the petition also acknowledges that Chase responded to the request. (*Id*., ¶ 9). The petition does not does not allege how Chase's reply was insufficient under RESPA. The RESPA claim is dismissed, with leave to amend.

  **B. The Texas Property Code Claim**

Akintunji's petition alleges that "because of these unresolved issues, Defendant CHASE is in direct contravention of the notice provisions of TEX. PROP. CODE § 51.002 as it relates to the posting of the foreclosure." (*Id.*, ¶ 16). Section 51.002 contains two notice provisions. Section 51.002(b) requires that notice of the foreclosure sale be given at least 21 days before the sale. Section 51.002(d) requires that the debtor be informed that he is in default and given at least 20 days to cure the default. TEX. PROP. CODE § 51.002. The petition does not allege Chase failed to comply with either notice provision. The claim is dismissed and with leave to amend.

  **C. The FDCPA Claim**

The FDCPA claim against Chase based on the attempt to foreclose on the property fail as a matter of law. To state an FDCPA claim, a plaintiff must allege that the defendant is a "debt collector" collecting a debt. 15 U.S.C. § 1692a(6). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* §

5

1692a(6). Mortgage companies and loan servicers are not debt collectors under the FDCPA. *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) (noting that the legislative history of the act indicates that a "debt collector" does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned). "The activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) *aff'd*, 269 F. App'x. 523 (5th Cir. 2008); *see also Izenberg v. ETS Servs., LLC,* 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). The FDCPA claim is dismissed with prejudice and without leave to amend because amendment would be futile.

**D.     The TDCPA Claim**

Unlike the FDCPA, the TDCPA encompasses foreclosure activities by mortgage holders. *Biggers v. BAC Home Loans Servicing, LP*, — F. Supp. 2d —, 2011 WL 588059, at *5 (N.D. Tex. 2011). The petition states that "in addition under the TEXAS FAIR DEBT COLLECTION PRACTICES ACT, the Plaintiff have been prevented from exercising her rights to dispute and correct any discrepancies prior to acceleration of her mortgage note with Defendant." (Docket Entry No. 1, Ex, A-3, ¶ 16). The petition's allegations are conclusory. *See, e.g.*, *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M, 2011 WL 248445 at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the [TDCPA], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law"); *Schanzle v. JPMC Specialty Mortg. LLC*, No. 03-09-00639-CV, 2011 WL 832170 (Tex. App. — Austin Mar. 11, 2011, no pet.) (same); *cf. Biggers*, 2011 WL 588059, at *5 ("Unlike the Biggers' state-court petition, their amended complaint identifies who

6

gave the deficient notice, the type of notices involved, and the nature of the defect in the notices. With these factual elaborations and explanations, their TDCPA claim is now plausible, at least with respect to the part of the claim based on Tex. Prop. Code Ann. § 51.002(d)."). The TDCPA claim is dismissed, with leave to amend.

### E. The Contract Claim

Finally, Akintunji alleges that Chase has violated the duty of good faith and fair dealing and has breached its contractual obligations in the mortgage note and Deed of Trust. (Docket Entry No. 1, Ex. A-3, ¶ 12). The elements of a breach of contract claim are: (1) the existence of a valid, enforceable contract; (2) the plaintiff performed or tendered performance; (3) defendant breached the contract; and (4) the defendant's breach caused plaintiff's damages. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007); *Aguilar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. — Houston [14th Dist.] 2005, pet. denied). The petition does not allege that Akintunji performed under the mortgage note and the Deed of Trust. To the contrary, Akintunji admits that he became delinquent in his mortgage payments. (Docket Entry No. 1, Ex. A-3, ¶ 5). The petition also fails to identify what obligations Chase breached.

Akintunji's allegations of the duty of good faith and fair dealing appear limited to Chase's failure to assist him with the HAMP program. The petition alleges that "Defendant CHASE as a lender has to be honest in its dealings with its borrowers and the dilatory tactics employed by it in the 'HAMP' modification process were in violation of this covenant." (*Id*., ¶ 12). There is no private cause of action under HAMP. *Singh v. Wells Fargo Bank*, No. 1:10-CV-1569, 2011 WL 66167, at *7 (E.D. Cal. Jan 7, 2011) (citing cases). Courts have rejected attempts to recast a HAMP violation as a violation of the duty of good faith and fair dealing unless the contract created a duty

to facilitate loan modification. *See, e.g.*, *id.* Nothing in the allegations supports such a claim. This claim is dismissed, with leave to amend.

### IV.     Conclusion

Chase's motion to dismiss is granted. Akintunji's claims based on violations of RESPA, the Texas Property Code, the TDCPA, and breach of contract are dismissed, with leave to amend. Akintunji's FDCPA claim is dismissed with prejudice. Akintunji must file his amended complaint no later than **August 1, 2011.**

SIGNED on June 20, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge